IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MYRON C. PAYNE | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX 16-1095 |
| | * | |
| MEGAN J. BRENNAN, Postmaster General, United States Postal Service, and UNITED STATES POSTAL SERVICE, | * | |
| | * | |
| Defendants. | | |

******
**MEMORANDUM OPINION**

Pending before the Court is a motion to dismiss or, in the alternative, motion for summary judgment filed by Defendants Postmaster General Megan Brennan and the United States Postal Service ("USPS") (ECF No. 9) and a Motion for Leave to File a Surreply filed by Plaintiff Myron Payne (ECF No. 9). The issues are fully briefed and the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. For the reasons stated below, Defendants' motion will be granted without prejudice and with leave for Plaintiff to file an amended Complaint. Plaintiff's motion is denied.

**I.    BACKGROUND**[1]

Plaintiff Myron Payne ("Plaintiff") began his USPS service in 1987 as a letter carrier at a post office located in Landover, Maryland. ECF No. 1 at 5. In May 2005, Plaintiff suffered an on-the-job back injury while working in a post office in Richmond, Virginia and was placed on limited duty assignment which guaranteed eight hours of medically-approved modified assignments. *Id.* In December 2008, the Department of Labor closed Plaintiff's worker's

---
[1] The facts here are construed in the light most favorable to the Plaintiff as the nonmoving party.

1

compensation case, deciding that Plaintiff was no longer qualified for compensation. Then in May 2009, Plaintiff received a letter from one of his supervisors, Postmaster Darryl Jones ("Postmaster Jones"),[2] instructing Plaintiff to submit a light duty request with updated medical documentation, owing to the closing of Plaintiff's worker's compensation case. Plaintiff alleges that he "reluctantly and involuntarily" submitted the light duty request even though neither he nor his medical provider was familiar with such a request.[3] *Id.* at 6. The following week, the USPS reduced Plaintiff's work hours from an eight to a four-hour workday without adequate notice or explanation.

On October 8, 2009, Plaintiff initiated a grievance challenging USPS's insistence that Plaintiff submit a light duty request and reduction of Plaintiff's hours without notice. *Id.* at 6. He alleged that his work hours continued to fluctuate between November 2009 and January 2010 without prior written notice. Then, on January 26, 2010, Plaintiff filed an EEOC complaint alleging discrimination, sexual harassment, and retaliation claims. Following discovery, USPS filed a motion for summary judgment which the EEOC granted on June 6, 2013, finding that Payne did not establish that USPS unlawfully discriminated against him. *Id.* at 6. A Notice of Final Action was issued on June 21, 2013 affirming the EEOC decision, and Plaintiff's administrative appeal was denied. Plaintiff filed a motion for reconsideration in July 2015 and on January 14, 2016, the EEOC rendered a Final Order and Decision denying Plaintiff's request. *Id.*

Plaintiff, appearing *pro se*, filed his complaint in this Court on April 13, 2016, alleging claims of discrimination based on race, color, age, and disability as well as sexual harassment

---

[2] Postmaster Jones is not mentioned by name in Plaintiff's complaint, but the parties' briefs indicate that he played a role in Plaintiff's discrimination claims.

[3] USPS provides "limited duty" jobs for employees recovering from an on-the-job injury, while "light duty" jobs are for those employees who have been injured off the job. *See White v. Frank*, 8 F.3d 823 (4th Cir. 1993) (table opinion).

and retaliation. ECF No. 1. Defendants filed their motion to dismiss or, in the alternative, motion for summary judgment on September 14, 2016. For the following reasons, Defendants' motion is granted.

## II.     STANDARD OF REVIEW

The Court will construe Defendants' motion one to dismiss the complaint and therefore will exclude the documents appended thereto. In ruling on a motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the Complaint is viewed in the light most favorable to the Plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555).

A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleadings to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to ensure that it survives a motion to dismiss. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.     ANALYSIS

### A.     Improper Parties

When suing a government agency for a violation of Title VII, the ADEA, or the Rehabilitation Act, the head of the agency is the only appropriate defendant. *Kim v. Potter*, No. DKC 09-2973, 2010 WL 2253656, at *3 (D. Md. June 2, 2010) (quoting 42 U.S.C. § 2000e–16(c); 29 U.S.C. § 794a(1)(1); 29 U.S.C. § 633a(b) & (c)); *Quraishi v. Shalala*, 962 F. Supp. 55, 57–58 (D. Md. 1997); *Keene v. Thompson*, 232 F. Supp. 2d 574, 580 n.6 (M.D.N.C. 2002) ("in a Title VII suit brought by a federal employee, the only proper defendant is the head of the agency"); *Kroggel v. Runyon*, 993 F.2d 1550 (7th Cir. 1993) (table opinion) ("The only proper defendant in a discrimination action brought under the Rehabilitation Act is the Postmaster General of the United States Postal Service."). Here, Plaintiff properly filed this action against Megan J. Brennan in her capacity as the Postmaster General of the United States Postal Service, but improperly named USPS as separate defendant. USPS is therefore dismissed.

### B.     Counts One, Two, Three, and Five: Discrimination Based on Race, Color, Age, and Disability

Plaintiff alleges that USPS discriminated against him by adjusting his work schedule without notice and on account of his race and color in violation of Title VII of the Civil Rights Act;[4] his age presumably in violation of the Age Discrimination in Employment Act of 1967;[5] and his

---

[4] Title VII states, in pertinent part:

> It shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2.

[5] The ADEA provides, in pertinent part:

disability in violation of the Rehabilitation Act, 29 U.S.C.A. § 794.[6] These statutes make clear that a plaintiff bringing a discrimination must allege that, *because of* his race, color, age, or disability, his employer did any of the following: failed to hire him; discharged him; discriminated against him with respect to compensation, terms, conditions, or privileges of employment; or limited, segregated, or classified employees in any way that would tend to deprive him of employment opportunities or otherwise affect his status as an employee.

Defendants argue that Plaintiff's discrimination claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff failed to plead facts establishing the elements of a prima facie discrimination claim. *See, e.g.*, ECF No. 9-1 at 15. The general elements for a prima facie case are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) that the adverse employment action was taken under circumstances giving rise to an inference of unlawful discrimination. *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010); *Royster v. Gahler*, 154 F. Supp. 3d 206, 234 (D. Md. 2015) (ADEA claim); *Lewis v. Potter*, No. DKC 2008-2249, 2009 WL 2168969, at *5 (D. Md. July 17, 2009) (Rehabilitation Act claim).

While these elements are useful guideposts at this stage, a plaintiff need not plead a prima facie case to survive a motion to dismiss. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002); *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582,

---

> It shall be unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.

29 U.S.C. § 623(a).

[6] The Rehabilitation Act provides, in pertinent part:

> No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

29 U.S.C. § 794(a).

585 (4th Cir. 2015); *see also Bowling v. Humanim, Inc.*, No. JKB-16-3298, 2017 WL 713862, at *2 (D. Md. Feb. 22, 2017). Rather, the complaint must allege facts "'that raise a right to relief above the speculative level'" that an employee suffered an adverse employment action because the employee's membership in a protected class. *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Supreme Court's decision in *Swierkiewicz* and the Fourth Circuit Court of Appeals' decision in *McCleary-Evans* are instructive in this regard. In *Swierkiewicz*, the plaintiff alleged that after six years of working as the chief underwriting officer for a company "principally owned and controlled by a French parent corporation," the company's CEO demoted him and "transferred the bulk of his underwriting responsibilities" to a French national who was significantly younger than Swierkiewicz. *Id.* at 508. Further, the *Swierkiewicz* complaint alleged that a year after the demotion, the CEO appointed a younger French national to serve as the company's new chief underwriting officer so as to "'energize' the underwriting department." *Id.* Finally, Swierkiewicz alleged specifically that the new chief underwriting officer was "less experienced and less qualified" for the position because he "had only one year of underwriting experience at the time he was promoted," whereas Swierkiewicz "had 26 years of experience in the insurance industry." *Id.*

Based on these allegations, the Supreme Court held that the United States District Court for the Southern District of New York erred when it dismissed Swierkiewicz' complaint for failing to plead the a prima facie case of age and national origin discrimination. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002). The Court remarked that the plaintiff "easily satisfie[d]" Rule 8(a)(2) when he "detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his

termination." *Id.* at 514. Such allegations, the Court reasoned, "give respondent fair notice of what petitioner's claims are and the grounds upon which they rest." *Id.*

In the wake of *Swierkiewicz*, the Fourth Circuit Court of Appeals in *McCleary-Evans* affirmed the district court's dismissal of a complaint purportedly stating a claim under Title VII. *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). In her complaint, McCleary-Evans alleged that the Maryland State Highway Administration did not hire her because of a combination of her race and gender. She alleged that the hiring review panel was "significantly influenced by" a white male who worked under the supervision of a "non-Black woman," *id.* at 583–84, and that these two supervisors were predisposed to select white candidates. *Id.* Missing from her complaint, however, was any factual support for the allegation that the "Highway Administration failed or refused to hire her *because* of her race or sex." *Id.* at 585 (citations, quotations, and alterations omitted) (emphasis in original). The Fourth Circuit, following *Swierkiewicz,* held that while the district court improperly reviewed this case as to whether Plaintiff pleaded the elements of a prima facie case, the court "nonetheless reached the correct conclusion under *Twombly* and *Iqbal* because the complaint failed to state a plausible claim for relief, as required by Federal Rule of Civil Procedure 8(a)(2)." *Id.* at 588.

Here, Plaintiff's complaint is even more threadbare than the complaint before the Fourth Circuit in *McCleary-Evans*. Plaintiff avers only that he is an "African-American male of dark complexion," over fifty years old, who was forced to submit a light duty request following an on-the-job injury, resulting in fluctuating work hours without notice. Plaintiff concludes summarily that the changes to his work schedule after being placed on light duty status were discriminatory, but Plaintiff provides no facts that support this allegation. He does not, for example, highlight

any comparators who were treated more favorably than he. Nor does he include any evidence whatsoever that the decisions regarding his light duty status were motivated by an improper consideration such as age, gender, national origin, race or disability. Consequently, Plaintiff's discrimination claims—Counts One, Two, Three, and Five of the complaint—are dismissed.

**C.     Counts Four and Six: Sexual Harassment and Retaliation**

In Count Four, Plaintiff alleges that he was a victim of verbal sexual harassment, a form of prohibited discrimination under Title VII. *See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66–67 (1986). The complaint, however, does not provide any facts supporting any instance of harassment and thus this Count is dismissed.

Similarly, in Count Six, Plaintiff claims that he was the victim of retaliation but, once again, gives no factual predicate. Title VII's anti-retaliation provision forbids employer actions that "discriminate against" an employee (or job applicant) because he has "opposed" a practice that Title VII forbids or has "made a charge, testified, assisted, or participated in" a Title VII "investigation, proceeding, or hearing." 42 U.S.C. § 2000e–3(a); *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 59–60 (2006). The complaint alleges that Plaintiff "suffer[ed] retaliation when he complained of disparate treatment," presumably referring to the EEOC complaint that plaintiff had filed in January 2010. ECF No. 1 at 6. However, Plaintiff provides no facts supporting that USPS took any adverse action against Plaintiff after he filed his EEOC complaint. Plaintiff's retaliation claim is therefore dismissed.

The Court is aware of the detailed administrative record from the EEOC proceedings. The parties had engaged in extensive discovery, generating, for example, sworn affidavits from Plaintiff, Postmaster Darryl Jones, and first line supervisor Genese Rollins. Both parties also attach the opinion rendered by the EEOC Administrative Law Judge granting the Defendants'

motion for summary judgment regarding Plaintiffs' discrimination, sexual harassment, and retaliation claims. Both parties also rely on the EEOC record in their motions papers to fill the gaps in Plaintiff's complaint.

Given that "fair notice to the defendant" has been the "guiding star of 12(b)(6) jurisprudence for the last forty years," *McCleary-Evans*, 780 F.3d 582, 588–89 (Wynn, J. dissenting in part), it appears at first blush that the purpose of 12(b)(6)—fair notice—has been met even though Plaintiff's complaint is deficient for the above-stated reasons. A closer reading of the Defendants' motion, however, belies this first impression.

Defendants were undoubtedly forced to speculate as to the Plaintiff's claims. For example, Defendants assume that Plaintiff's race discrimination claim was based in part on actions taken by Postmaster General Megan Brennan, a white woman, against Plaintiff, an African-American man. *See* ECF No. 9-1 at 17. Plaintiff, however, corrects this assumption in his response and clarifies that it was Postmaster Jones, an African-American man, who discriminated against Plaintiff even though Postmaster Jones is not mentioned in the complaint. ECF No. 13-2 at 8. Defendants also note that in the administrative proceedings, Plaintiff had provided a list of similarly-situated employees who received favorable treatment. ECF No. 9-1 at 18. Plaintiff is silent as to the import of these individuals in this case. Defendants also presumed that Plaintiff's sexual harassment claim arises from a September 2009 incident where Plaintiff's supervisor asked him "to use his big arms" to assist her in carrying boxes. ECF No. 9-1. But none of these facts are set forth in his complaint and Plaintiff makes no mention of the sexual harassment claim in his response. This leaves serious doubt as to whether Plaintiff intends to pursue this claim at all. Accordingly, the parties' reliance on the EEOC administrative record cannot and does not supplant the need for Plaintiff's complaint to be pleaded with specificity.

**D.      Motion for Leave to File a Surreply**

On December 6, 2016, Plaintiff filed a "Request for Consideration of Plaintiff's Motion in Response to Defendant's [sic] Reply." ECF No. 19. Surreply memoranda are disfavored in this District, *see Chubb & Son v. C & C Complete Servs., LLC*, 919 F. Supp. 2d 666, 679 (D. Md. 2013); *see also* Local Rule 105.2.a (D. Md. 2014) ("Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed."). The Court may grant leave to file a surreply "when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003), *aff'd*, 85 F. App'x. 960 (4th Cir. 2004) (per curiam). Here, Plaintiff's surreply does not change the Court's analysis and so the motion is denied.

**IV.     CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is granted without prejudice. Plaintiff must file his amended complaint against Megan Brennan, Postmaster General *only* and within 21 days from today. Plaintiff's motion for leave to file a surreply is denied. A separate order will follow.


3/9/2017                                                                                      /S/
Date                                                                         Paula Xinis
                                                                             United States District Judge